IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOUGLAS PYLE, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO. 13-CV-4437 |
| | : | HONORABLE MICHAEL M. |
| v. | : | BAYLSON |
| | : | |
| COLUMBIA MANAGEMENT INVESTMENT ADVISORS, LLC and AMERIPRISE FINANCIAL, INC., | : : : | |
| Defendants. | | |

### DEFENDANTS' ANSWER TO COMPLAINT

Defendants Columbia Management Investment Advisors, LLC ("CMIA") and Ameriprise Financial, Inc. ("AFI") admit, deny, allege and state as follows:

### GENERAL DENIAL

Deny each allegation contained in Plaintiff's Complaint unless it is admitted or otherwise addressed in this Answer.

### INTRODUCTION

Deny that AFI was Plaintiff's former employer, and otherwise state that Plaintiffs' claims under the Age Discrimination in Employment Act ("ADEA") and the Pennsylvania Human Relations Act ("PHRA") speak for themselves and are defective as a matter of law and fact.

### SPECIFIC RESPONSES TO ALLEGATIONS IN COMPLAINT

### PARTIES

1. State they admit that Plaintiff is an individual, but otherwise do not have sufficient knowledge or information to confirm or deny the allegations in Paragraph 1, and denies those allegations on that basis.

2.     State only that Plaintiff was employed by CMIA from March 2010-April 13, 2013, although Plaintiff was given his final termination date on March 27, 2013 to be effective April 27, 2013. Plaintiff resigned effective April 13, 2013. Deny all other allegations in Paragraph 2.

3.     Deny the allegations in Paragraph 3.

4.     Deny the allegations in Paragraph 4.

5.     Admit only that Defendant AFI is incorporated in Delaware, and deny all other allegations in Paragraph 5.

6.     Admit the allegations in Paragraph 6.

7.     Deny the allegations in Paragraph 7.

8.     Admit the allegations in Paragraph 8.

9.     Admit the allegations in Paragraph 9.

10.    State that "in furtherance of Defendant's business" and "at all times material hereto" are vague and unclear, and deny those allegations on that basis.

11.    Deny the allegations in Paragraph 11.

12.    Deny the allegations in Paragraph 12.

**JURISDICTION AND VENUE**

13.    State that the allegations in Paragraph 13 are legal conclusions, to which no response is required. To the extent any such response is required, Defendants admit only that Plaintiff purports to allege claims under the ADEA, and the PHRA, and deny all other allegations in Paragraph 13.

14.    State that the allegations in Paragraph 14 are legal conclusions, to which no

response is required. To the extent any such response is required, Defendants admit only that the Court has original jurisdiction over Plaintiff's ADEA claim pursuant to 29 U.S.C. §626(c) and 28 U.S.C. §1331.

15. State that the allegations in Paragraph 15 are legal conclusions, to which no response is required. To the extent any such response is required, Defendants consent to the Court's exercise of supplemental jurisdiction over the Plaintiff's PHRA claim under 28 U.S.C. 1367 until such time as Plaintiff's ADEA and/or PHRA claims are dismissed.

16. State that the allegations in Paragraph 16 are legal conclusions, to which no response is required. To the extent any such response is required, Defendants admit that venue is proper in this Court.

17. State that Defendants are without knowledge or information of the date Plaintiff filed any Charge of Discrimination with the Equal Employment Opportunity Commission, and deny the allegations in this Paragraph on that basis. State that the document attached to Plaintiff's Complaint as Exhibit 1 speaks for itself.

18. State that Defendants are without knowledge or information of the date Plaintiff filed any Charge of Discrimination with the Equal Employment Opportunity Commission, and deny the allegations in Paragraph 18 on that basis. State that the document attached to Plaintiff's Complaint as Exhibit 2 speaks for itself.

19. State that Defendants are without knowledge of the date the Equal Employment Opportunity Commission issued any Right to Sue Notice, and deny the allegations in Paragraph 19 on that basis. State that the document attached to Plaintiff's Complaint as Exhibit 3 speaks for itself.

20. State that the allegations in Paragraph 20 are legal conclusions, to which no response is required. To the extent any such response is required, state that Exhibits 1-3 to Plaintiff's Complaint speak for themselves.

## FACTUAL ALLEGATIONS

21. State only that Plaintiff was employed by CMIA from March 2010-April 13, 2013, when he resigned voluntarily. Deny all other allegations in Paragraph 21.

22. Admit only that AFI acquired the Columbia Management Division of Bank of America, and that after this transaction, Plaintiff became an employee of CMIA. State that Defendants do not have sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 22, and deny those allegations on that basis.

23. Admit the allegations in Paragraph 23.

24. Deny the allegations in Paragraph 24.

25. Admit the allegations in Paragraph 25.

26. Deny the allegations in Paragraph 26.

27. Deny the allegations in Paragraph 27.

    a. Deny the allegations in Paragraph 27.i.

    b. Deny the allegations in Paragraph 27.ii.

    c. Deny the allegations in Paragraph 27.iii. State affirmatively that Plaintiff's 2010 performance was so poor that it disqualified him from any performance-based awards for that year, and that the $50,000 "bonus" he was paid was a discretionary "bonus" not tied in any way to his 2010 performance and was a small fraction of his potential performance-based award for that year.

        d.      State that Defendants do not have sufficient knowledge or information to admit or deny the allegations in Paragraph 27.iv, and deny those allegations on that basis.

        e.      State that Defendants do not have sufficient knowledge or information to admit or deny the allegations in Paragraph 27.v, and deny those allegations on that basis.

        f.      State that Defendants do not have sufficient knowledge or information to admit or deny the allegations in Paragraph 27.vi, and deny those allegations on that basis

        g.      State that Defendants do not have sufficient knowledge or information to admit or deny the allegations in Paragraph 27.vii, and deny those allegations on that basis.

28.      Admit the allegations in Paragraph 28.

29.      Admit only that on January 7, 2010, McConnaughey informed Plaintiff that the company was planning to consolidate the number of funds, and state affirmatively that McConnaughey informed Plaintiff his fund had been selected for elimination, and that his employment would be terminated because his fund's performance did not meet the necessary standards.  Deny all other allegations in Paragraph 29.

30.      Admit the allegations in Paragraph 30.

31.      Deny the allegations in Paragraph 31.

32.      Admit only that Plaintiff is older than McCannaughey, and deny all other allegations in Paragraph 32.

33. Deny the allegations in Paragraph 33.

34. Deny the allegations in Paragraph 34.

35. Admit only that, during the meeting when Plaintiff was informed he would be terminated, Plaintiff asked McConnaughey if Plaintiff's termination could be delayed one year, because that would allow him to reach a benchmark age under the Bank of America pension program, that, after subsequent discussions, CMIA agreed to such a one-year extension, and that Plaintiff's salary was reduced because of the poor performance of his fund. Deny all other allegations in Paragraph 35.

36. Defendants incorporate their response to paragraph 35 as if set forth herein, and further deny all other allegations in Paragraph 36.

37. Admit that, in response to Plaintiff's request for his termination to be delayed one year, because that would allow him to reach a benchmark age under the Bank of America pension program, that CMIA eventually agreed to such a one-year extension and that Plaintiff's salary was reduced because of the poor performance of his fund. Deny any other allegations in Paragraph 37.

38. Admit only that Plaintiff and CMIA agreed as set forth in Paragraphs 35 - 37 of this Answer. State that Defendants do not have sufficient knowledge or information about the Plaintiff's state of mind to admit or deny the remaining allegations in Paragraph 38, and deny those allegations on that basis.

39. Admit only that no other of Defendants employees asked for the arrangement described in Paragraph 35 - 37 of this Answer, and deny all other allegations in Paragraph 39.

40. Admit only that from time to time, Plaintiff and Moore met, and that from time to

time the two discussed Plaintiff's intentions with respect to retirement just as Moore did with all other individuals in Plaintiff's job. Deny all other allegations in Paragraph 40.

41.     Deny the allegations in Paragraph 41.

42.     Admit only that McConnaughey informed Plaintiff that, as anticipated in 2010, Plaintiff's position elimination would be effective in February 2012, and reiterated that Plaintiff's fund was being closed and his position was being eliminated because his fund's performance was unsatisfactory. Deny all other allegations in Paragraph 42.

43.     State that the allegations in Paragraph 43 are legal conclusions to which no response is required. To the extent any response is required, deny those allegations.

44.     Deny the allegations in Paragraph 44.

45.     Deny the allegations in Paragraph 45.

46.     Deny the allegations in Paragraph 46.

47.     Admit only that Plaintiff's position elimination was extended beyond February 2012 to April 2012. Deny all other allegations in Paragraph 47.

48.     Admit only that CMIA informed Plaintiff on March 27, 2012 that his position elimination would be effective April 27, 2012. Deny all other allegations in Paragraph 48.

49.     Admit that a CM-Intermediate Portfolio Manager and a CM-Senior Equity Portfolio Manager Assistant who also worked in Plaintiff's office also had their positions eliminated in the reduction in force that resulted in the closure of Plaintiff's office.

50.     Deny the allegations in Paragraph 50.

51.     Deny the allegations in Paragraph 51.

52.     State that the allegations in Paragraph 52 are legal conclusions, to which no

response is required. To the extent a response is required, Defendants deny all allegations in Paragraph 52.

53. State that the allegations in Paragraph 53 are legal conclusions, to which no response is required. To the extent a response is required, Defendants deny all allegations in Paragraph 53.

54. State that Defendants are without knowledge of the date Plaintiff filed any Charge of Discrimination with the Equal Employment Opportunity Commission, and deny the allegations in this Paragraph on that basis.

55. Deny the allegations in Paragraph 55.

   a. Deny the allegations in Paragraph 55.a. State affirmatively that McConnaughey called Plaintiff on April 5, 2012 after learning that Plaintiff had sent letters soliciting the business of clients of a particular company in direct violation of an agreement between CMIA and that company.

   b. Admit only that Plaintiff stated to McConnaughey that he believed McConnaughey intended to retaliate against him for filing his EEOC Charge. Deny all other allegations in Paragraph 55.b. Affirmatively state that Plaintiff refused to explain why he sent the letters in direct violation of the agreement, and refused to provide any assurances that he would not violate that agreement again in the future.

   c. Admit that CMIA revoked Plaintiff's access to Defendants' computer network, and subsequently changed the locks on the building where Plaintiff's fund was located.

56. Deny the allegations in Paragraph 56. State affirmatively that this action was the result of Plaintiff's refusal to explain why he was violating the agreement, or assure Defendants he would not violate that agreement again. Further state that Plaintiff was not terminated at this time and that Defendants continued paying Plaintiff's salary, and would have continued to do so through April 27, 2012 if Plaintiff had not himself resigned on April 13, 2012. A true and correct copy of Plaintiff's resignation letter is attached to this Answer as Exhibit A.

57. State that the allegations in Paragraph 57 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny all allegations in Paragraph 57.

58. State that the allegations in Paragraph 58 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny all allegations in Paragraph 58.

59. State that the allegations in Paragraph 59 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny all allegations in Paragraph 59.

60. State that the allegations in Paragraph 60 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny all allegations in Paragraph 60.

61. State that the allegations in Paragraph 61 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny all allegations in Paragraph 61.

62. State that the allegations in Paragraph 62 are legal conclusions to which no

4836-6126-7209\1   4/7/2011 2:33 PM

response is required. To the extent a response is required, Defendants deny all allegations in Paragraph 62.

## COUNT I – ADEA

63. Defendants incorporate herein by reference all of the preceding paragraphs as if set forth herein in their entirety.

64. State that the allegations in Paragraph 64 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny all allegations in Paragraph 64.

65. State that the allegations in Paragraph 65 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny all allegations in Paragraph 65.

66. State that the allegations in Paragraph 66 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny all allegations in Paragraph 66.

67. State that the allegations in Paragraph 67 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny all allegations in Paragraph 67.

68. State that the allegations in Paragraph 68 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny all allegations in Paragraph 68.

## COUNT II – PHRA

69. Defendants incorporate herein by reference all of the preceding paragraphs as if

set forth herein in their entirety

70. State that the allegations in Paragraph 70 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny all allegations in Paragraph 70.

71. State that the allegations in Paragraph 71 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny all allegations in Paragraph 71.

72. State that the allegations in Paragraph 72 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny all allegations in Paragraph 72.

73. State that the allegations in Paragraph 73 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny all allegations in Paragraph 73.

74. State that the allegations in Paragraph 74 are legal conclusions to which no response is required. To the extent a response is required, Defendants deny all allegations in Paragraph 74.

## RELIEF

Defendants deny that Plaintiff is entitled to any damages, and specifically deny each and every allegation in paragraphs (a)-(j) of Plaintiff's ad damnum.

## DEFENSES

Defendants allege and asserts the following defenses (in addition to those stated above), undertaking the burden of proof only as to those defenses deemed affirmative defenses by law.

In addition to the defenses asserted below, Defendants specifically reserve all rights to assert any other or additional defenses that are now or may become available or appear during, or as a result of, the discovery proceedings or further investigation in this action:

75. The Complaint fails to state a claim upon which relief can be granted.

76. Some or all of Plaintiff's claims in the Complaint may be barred, in whole or in part, by the applicable statute of limitations or failure to exhaust administrative remedies.

77. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, unclean hands, and/or other equitable principles.

78. Any and all employment actions allegedly taken with respect to the Plaintiff were based upon legitimate, nondiscriminatory and bona fide occupational reasons unrelated to Plaintiff's alleged protected activity, the existence of which is expressly denied.

79. Defendants' actions were undertaken in good faith in an effort to comply with applicable law and legitimate business purposes, based on all relevant facts and circumstances known by it at the time it so acted, and are thereby privileged and justified in all respects.

80. Defendants exercised reasonable care to prevent, avoid, and/or correct any harmful, wrongful or unlawful conduct toward Plaintiff, the existence of which is specifically denied.

81. To the extent Defendants did or omitted to do any act alleged in Plaintiff's Complaint, Plaintiff authorized, consented to, and/or ratified said act or omission.

82. Plaintiff's claims are barred, in whole or in part, by his own actions, inactions, commissions, and/or omissions.

83. Defendants did not act with malice, ill will or in reckless disregard for Plaintiff's

rights with respect to any actions affecting Plaintiff and, with respect to any such actions, Defendants acted lawfully and in good faith.

84. Any damage, loss, or injury to Plaintiff, the existence of which is specifically denied, was caused by Plaintiff's own conduct or failure to act and/or by some other person, cause or event, not by any action or omission of Defendants.

85. Plaintiff unreasonably failed to take advantage of opportunities to prevent, mitigate, accommodate, and/or correct any conduct, problem, or complaint, including, without limitation, failing to take advantage of opportunities and procedures provided by Defendants.

86. Defendants expressly deny any discrimination or unlawful motives in its dealings with Plaintiff. However, Defendants further allege that, even if an unlawful motive were found to exist, the challenged decisions concerning Plaintiff still would have been made in the absence of an unlawful motive.

87. Plaintiff is not entitled to punitive or special damages because Defendants did not act with malicious or reckless indifference to any of Plaintiff's rights or commit any knowing, willful, wanton, intentional or malicious act.

88. Defendants are entitled to an offset for any monies received by Plaintiff from any source in compensation for alleged economic damages and non-economic damages, the existence of which is specifically denied, because Plaintiff is not entitled to a double recovery.

89. Some or all of the remedies demanded by Plaintiff are not authorized by law.

90. Plaintiff's claims are frivolous and are not warranted by existing law, in whole or in part; the allegations do not have evidentiary support and are not likely to have evidentiary support after a reasonable opportunity for further investigation; and therefore Plaintiff owes

Defendants for all attorneys' fees and costs reasonably incurred in defense of this claim.

91.     As a separate alternative affirmative defense to the Complaint, Defendants allege that Plaintiff's claims may be barred by any or all of the affirmative defenses set forth in Rule 8 of the Federal Rules of Civil Procedure. The extent to which Plaintiff's claims may be barred by one or more of said affirmative defenses not specifically set out above cannot be determined until Defendants have had an opportunity to complete discovery. Defendants, therefore, incorporate all such affirmative defenses as fully set forth therein.

Dated:  August 26, 2013

Respectfully Submitted,

KLEHR HARRISON HARVEY
BRANZBURG LLP

By _____
     Paul G. Nofer (Pa. I.D. No. 52241)
1835 Market Street, Suite 1400
Philadelphia, Pennsylvania  19103
pnofer@klehr.com
(215) 569-3287 – Telephone
(215) 568-6603 – Facsimile

*and*

Edward B. Magarian
(*pro hac vice application to be filed*)
DORSEY & WHITNEY LLP
50 South Sixth Street, Suite 1500
Minneapolis, Minnesota  55402
(612) 340-2600 – Telephone
(612) 340-2868 – Facsimile

Counsel for Defendants

# EXHIBIT A

April 13, 2012

*VIA ELECTRONIC MAIL TO: CATHERINE.LKANYUSIK@AMPF.COM*
*AND FEDERAL EXPRESS OVERNIGHT DELIVERY*

Catherine L. Kanyusik, SPHR
Director HR Business Partner
Asset Management Ameriprise
Financial, Inc. 225 Franklin Street
Routing BX32/00362 Boston,
MA 02110

RE:   Resignation of Douglas Pyle

Dear Ms. Kanyusik:

Pursuant to the firm's policies and procedures, I hereby tender my resignation from Ameriprise Financial, Inc. (including its affiliates and related companies) and voluntarily terminate my employment effective immediately.

On March 27, 2012, I was notified that I would be terminated effective April 27, 2012. After making the firm aware of the age discrimination claim that I had filed on Thursday, April 5, 2012, the firm's actions (including and without limitation to, locking me out of my office and putting my staff on leave), which seem to me to be in retaliation for such claim, have made my continued employment at the firm untenable and jeopardized clients.

Should any clients inquire as to my whereabouts, I request that you furnish them with my contact information. Of course, if any service-related issues arise that I may be able to be of assistance, you may also use this information to contact me. My contact information will be:

> 310 Midland Avenue
> St. Davids, PA 19087
> Tel.: (610) 688-7308

If there are any legal matters that require my attention, you are directed to contact my attorney directly using the following information:

> Sharron Ash, Esq.
> Hamburger Law Firm
> 61 W Palisade Ave
> Englewood, NJ 07631-2706
> Tel.: (201)705-1200

PACE 2 *OF 2*.

Thank you for your consideration to this matter. Upon filing a Form U-5 evidencing my voluntary termination, please forward a copy to my address listed above. I look forward to an amicable separation and an ongoing professional relationship with Ameriprise Financial, Inc.

Yours truly,

*[signature]*
Douglas Pyle
April 13, 2012

cc:   Sharron Ash, *Esq.* (via electronic mail to: sash@hamburgerlaw.com)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendants' Answer to Complaint was served upon the following on August 26, 2013:

*Via the Court's electronic filing system*

Marjory P. Albee
Console Law Offices LLC
1525 Locust Street, 9th Floor
Philadelphia, PA  19102

/s/ Paul G. Nofer
Paul G. Nofer