IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOUGLAS PYLE, | : CIVIL ACTION |
| | : NO. 13-CV-4437 |
| Plaintiff, | : |
| | : HONORABLE MICHAEL M. |
| v. | : BAYLSON |
| | : |
| COLUMBIA MANAGEMENT | : |
| INVESTMENT ADVISORS, LLC and | : |
| AMERIPRISE FINANCIAL, INC., | : |
| | : |
| | : |
| Defendants. | : |

## ORDER

AND NOW, this _____ day of _____, 2013, it is hereby ORDERED that Defendants' Motion for Judgment on the Pleadings is GRANTED and this action is DISMISSED WITH PREJUDICE..

_____

S. J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOUGLAS PYLE, | : | CIVIL ACTION |
| | : | NO. 13-CV-4437 |
| Plaintiff, | : | |
| | : | HONORABLE MICHAEL M. |
| v. | : | BAYLSON |
| | : | |
| COLUMBIA MANAGEMENT INVESTMENT | : | |
| ADVISORS, LLC and AMERIPRISE | : | |
| FINANCIAL, INC., | : | |
| | : | |
| Defendants. | : | |

## DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

For the reasons stated in the accompanying memorandum of law, which is incorporated herein by this reference, Defendants hereby move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).

Dated: August 26, 2013

Respectfully Submitted,

KLEHR HARRISON HARVEY
BRANZBURG LLP

By _/s/ Paul G. Nofer_
    Paul G. Nofer (Pa. I.D. No. 52241)
1835 Market Street, Suite 1400
Philadelphia, Pennsylvania 19103
pnofer@klehr.com
(215) 569-3287 – Telephone
(215) 568-6603 – Facsimile

*and*

Edward B. Magarian
(*pro hac vice motion to be filed*)
DORSEY & WHITNEY LLP
50 South Sixth Street, Suite 1500
Minneapolis, Minnesota 55402
magarian.edward@dorsey.com
(612) 340-2600 – Telephone
(612) 340-2868 – Facsimile
*Counsel for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOUGLAS PYLE, | : CIVIL ACTION |
| Plaintiff, | : NO. 13-CV-4437 |
| v. | : HONORABLE MICHAEL M. BAYLSON |
| COLUMBIA MANAGEMENT INVESTMENT ADVISORS, LLC and AMERIPRISE FINANCIAL, INC., | : |
| Defendants. | : |

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

KLEHR HARRISON HARVEY
BRANZBURG LLP
Paul G. Nofer (Pa. I.D. No. 52241)
1835 Market Street, Suite 1400
Philadelphia, Pennsylvania 19103
pnofer@klehr.com
(215) 569-3287 – Telephone
(215) 568-6603 – Facsimile

*and*

Edward B. Magarian
(*pro hac vice motion to be filed*)
DORSEY & WHITNEY LLP
50 South Sixth Street, Suite 1500
Minneapolis, Minnesota 55402
magarian.edward@dorsey.com
(612) 340-2600 – Telephone
(612) 340-2868 – Facsimile

Counsel for Defendants

**TABLE OF CONTENTS**

INTRODUCTION.................................................................................................................1

I.  FACTUAL ALLEGATIONS IN THE PARTIES' PLEADINGS........................................2

    A.  Plaintiff Became A CMIA Employee ...............................................................2

    B.  On January 7, 2010, Plaintiff Learned His Position Would Be Eliminated
        And That He Would Be Terminated..................................................................2

    C.  Plaintiff Filed An EEOC Charge on April 5, 2012 ...........................................3

    D.  Plaintiff Resigned From His Position Before His Position Elimination Took
        Effect ..................................................................................................................3

I.  DISCUSSION......................................................................................................................4

    A.  Rule 12 Dismissal Is Appropriate In This Case ................................................4

    B.  Plaintiff's Age Discrimination Claims Are Untimely .......................................5

    C.  Plaintiff Did Not Plead Sufficient Retaliation Claims ......................................6

CONCLUSION .....................................................................................................................7

# INTRODUCTION

Plaintiff Douglas Pyle filed a two-count Complaint alleging age discrimination and retaliation claims under the Age Discrimination in Employment Act ("ADEA") and Pennsylvania Human Rights Act ("PHRA") against Ameriprise Financial, Inc. ("AFI") and Plaintiff's employer Columbia Management Investment Advisors, LLC ("CMIA"). Both counts are defective as a matter of law for multiple reasons. Two of these defects are such that dismissal is appropriate at this early stage of the case pursuant to Rule 12(c).

First, Plaintiff's age discrimination claim is untimely. It relies entirely on his allegations that Defendants were motivated by age discrimination when they decided in early 2010 to terminate his employment at some time in the future[1] Plaintiff admits in his Complaint that he learned about this termination decision and the alleged discriminatory animus motivating that decision on January 7, 2010, but that he waited until April 5, 2012 to file a Charge with the Equal Employment Opportunity Commission ("EEOC"). This delay placed Plaintiff far beyond the 300 days allotted by federal statute or the 180 days allotted by state statute.

Second, Plaintiff's retaliation claims fail to identify conduct that, if true, would allow him to state a *prima facie* case. To state a retaliation claim, Plaintiff must show that he suffered some materially adverse action *because of* his engagement in protected conduct. Plaintiff's Complaint does not and cannot identify any such conduct here.

Therefore, Defendants respectfully move the Court under Rule 12(c) of the Federal Rules of Civil Procedure for an Order dismissing Plaintiff's Complaint with prejudice.

---

[1] Dismissal of AFI is also appropriate because AFI was not Plaintiffs' employer. However, based upon the allegations (although false) as presented in Plaintiffs' Complaint, AFI is not seeking dismissal on these grounds at this point pursuant to Rule 12(c).

I.   **FACTUAL ALLEGATIONS IN THE PARTIES' PLEADINGS**

    A.   **Plaintiff Became A CMIA Employee**

Plaintiff became a Portfolio Manager for Radnor Capitol in April, 1996. Complaint, ¶22. Over the following years, Radnor Capitol was acquired and sold several times. *Id.* Specifically, U.S. Trust first acquired Radnor Capitol, then Charles Schwab acquired U.S. Trust, and then Bank of America acquired Charles Schwab. *Id.* Plaintiff remained a Portfolio Manager for each of these successive companies, and eventually worked for several years in the "Columbia Management Division" of Bank of America. *Id.* Finally, in 2010, AFI purchased that division, and Plaintiff became an employee of Columbia Management Investment Advisors ("CMIA"). *Id.* CMIA was owned by AFI. *Id.*

    B.   **On January 7, 2010, Plaintiff Learned His Position Would Be Eliminated And That He Would Be Terminated**

On January 7, 2010, Plaintiff's supervisor, CMIA Head of Equities Robert McConnaughey, informed Plaintiff that CMIA would be downsizing, that Plaintiff's job would be eliminated, and that Plaintiff's employment would be terminated. Complaint, ¶28. Plaintiff believed at that time that CMIA made that decision because of his age, and stated as much during the January 7 meeting.[2] *Id.* at ¶30. Plaintiff was 59 years old. *Id.* at ¶31. Plaintiff and McConnaughey discussed the fact that, if CMIA would delay his termination until after he turned 60, he would be able to reach a benchmark in his pension plan. *Id.* at ¶35. McConnaughey agreed that Plaintiff would be allowed to remain for that limited period of time at a reduced salary. *Id.* at ¶37.

---

[2]   As they must, Defendants set forth the factual allegations as pled by Plaintiff in his Complaint for the purposes of this Motion. If required to fill out a record in this case, Defendants will show that Plaintiff's allegations about Defendants' purportedly wrongful conduct actually have no evidentiary support.

2

C.     **Plaintiff Filed An EEOC Charge on April 5, 2012**

In June 2011, after Plaintiff turned 60, McConnaughey reminded Plaintiff his termination was pending, and informed him that his last day would be December 31, 2011. *Id.* at ¶42. That final date was subsequently extended to April 27, 2012. *Id.* at ¶48. At no time did CMIA ever reverse its decision to terminate Plaintiff, which was first conveyed to Plaintiff on January 7, 2010. *Id.*

On April 5, 2012, Plaintiff filed a Charge of Discrimination with the EEOC (the "April Charge") stating that Defendants' January 7, 2010 decision to terminate his employment was based on his age. *Id.* at ¶54, Ex. 2. Plaintiff forwarded a copy of the April Charge to CMIA. *Id.* Shortly thereafter Plaintiff received a phone call from McConnaughey. *Id.* at ¶55(a). Plaintiff felt as though the tone of the phone call was "threatening and accusatory," and that McConnaughey's decision to adopt that tone was retaliatory. *Id.* Plaintiff shared this belief with McConnaughey. *Id.*

D.     **Plaintiff Resigned From His Position Before His Position Elimination Took Effect**

After the call, Plaintiff's access to the company's computer network was shut off, and the locks were changed on the building where Plaintiff's office was located.[3] *Id.* at 55(c). Plaintiff was not terminated, and continued receiving salary payments even though he was no longer working. Answer ¶56, Ex. A. Plaintiff stopped receiving salary payments only because, on

---

[3]  Plaintiff's Complaint neglects to describe the contents or context of McConnaughey's April 5 phone call, which provides a rather ordinary explanation for why McConnaughey would have been "accusatory" and "threatening," and why CMIA and Ameriprise decided to remove his access to his office and the company computer network. McConnaughey placed the call after learning that Plaintiff had, inexplicably, been soliciting clients he was contractually forbidden from soliciting. Plaintiff's decision to violate that contractual bar was alarming to CMIA and to McConnaughey, because it put Defendants at a legal risk. Answer ¶¶55.a.-55.c. This missing fact does not affect the outcome of this motion.

3

April 13, 2012, he resigned from CMIA effective immediately. *See* Answer ¶56. If he had not resigned, CMIA would have paid Plaintiff through his position-elimination-date of April 27, 2012. *See id.*

Plaintiff then filed a second Charge of Discrimination with the EEOC on July 25, 2012 (the "July Charge") stating that Defendants' decision to close his office was retaliation for filing the April Charge. *See* Complaint ¶18, Ex. 2. The EEOC dismissed both Charges, and issued Plaintiff a Right-to-Sue letter in May 2013. *See id.* at ¶19, Ex. 3. Plaintiff filed his two-count Complaint on July 31, 2013.

## II.  DISCUSSION

### A.  Rule 12 Dismissal Is Appropriate In This Case

Fed. R. Civ. P. 12(c) permits a party to move for judgment on the pleadings after the parties have filed the complaint and answer. The pleadings include the complaint, the answer, and any "extrinsic documents" attached as exhibits to the pleadings. *Brown v. Daniels*, 128 Fed. Appx. 910, 913 (3d Cir. 2005); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997); *Pension Ben. Guar. Corp. v. White Consol. Industr., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Fed. R. Civ. P. 12(h)(2) permits a party to seek dismissal for failure to state a claim upon which relief can be granted in a Fed. R. Civ. P. 12(c) motion for judgment on the pleadings.

A motion for judgment on the pleadings is determined by the same standard that applies to a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim. *Ober v. Brown*, 105 Fed. Appx. 345, 346 (3d Cir. 2004). "To survive a motion to dismiss for failure to state a claim, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). A plaintiff's claim needs to "allege enough facts to raise its right to relief about the speculative level," meaning that the

4

plaintiff must "plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008).

B.  **Plaintiff's Age Discrimination Claims Are Untimely**

Plaintiff's ADEA and PHRA age discrimination claims must fail because they are untimely. Plaintiff's limitations period on his ADEA claims was 300 days. *See* 42 U.S.C. 2000e-5(e); *Ruehl v. Viacom, Inc.*, 500 F.3d 375, 383 (3d Cir. 2007); *Colgan v. Fisher Scientific Co.*, 935 F2d 1407, 1415 (3d Cir. 1991) (holding that a 300-day limitations period applies to age claims under the ADEA). Plaintiff's limitations period on his PHRA claims was 180 days. 43 P.C.S.A. 959(h).

Those periods began to run on January 7, 2010, when McConnaughey told Plaintiff that CMIA had decided to terminate his employment, and Plaintiff concluded this decision was because of his age. *See* Complaint ¶28; *see also Oshiver v. Levin*, 38 F.3d 1380, 1384 (3d Cir. 1993); *Baker v. Gichner Shelter Sys.*, 2013 U.S. Dist. LEXIS 103645 (M.D. Pa. June 28, 2013); *Winder v. Donahoe*, 2012 U.S. Dist. LEXIS 117049, 2012 WL 3562507 (E.D. Pa. Aug. 17, 2012) ("the proper focus of the statute of limitations inquiry is on the time of the discriminatory act, not the point at which the consequences of the act become painful."). While Defendants changed the ultimate date of his termination—in some cases in response to Plaintiff's specific plea for the ability to work longer so that his retirement benefits would be increased—there are no allegations in the pleadings to suggest Defendants changed the initial plan to terminate Plaintiff. To the contrary, the Complaint makes clear that the termination decision did not change. *See e.g.* Complaint.

Plaintiff's limitations period ended on November 3, 2010 (300 days after January 7, 2010). Plaintiff filed his first Charge of Discrimination on April 5, 2012, over one year later.

5

*See* 54, Ex. 2. His discrimination claims are thus untimely and cannot possibly succeed. *Oshiver v. Levin*, 38 F.3d 1380, 1384 (3d Cir. 1993). They should be dismissed with prejudice.

C. **Plaintiff Did Not Plead Sufficient Retaliation Claims**

In addition, Plaintiff's ADEA and PHRA retaliation claims must fail because the Complaint does not show Plaintiff suffered an adverse action after engaging in protected conduct. *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2534 (2013) (articulating the principle that, to state a *prima facie* retaliation claim, a plaintiff must show he suffered an adverse employment action after or contemporaneous with the protected conduct; and that his participation in the protected activity was the but-for cause of the adverse employment action); *Moore v. City of Phila.*, 461 F.3d 331, 340-41 (3d Cir. 2006).

Plaintiff admits in his Complaint that he learned of the decision to terminate his employment on January 7, 2010, and further learned the final date for his termination on March 27, 2012.[4] *See* Complaint ¶¶28, 48. Both of these events occurred before he engaged in alleged protected conduct by filing the April Charge on April 5, 2012; so neither the fact of nor date for his termination can be part of his retaliation claim. *See Moore*, 461 F.3d at 340 (holding that the adverse action must occur *after* the protected conduct).

In fact, all Plaintiff alleges happened to him following his April Charge was that his access to Defendants' computer network was cut off, and the locks on the office doors were changed. *See* Complaint ¶56. At that time, he knew his employment would end on April 27, 2012. *See id.* ¶48. His employment was not terminated early, and he continued to receive payments on his salary after his office was closed and his access from the computer network was

---

4   In fact, Plaintiff alleges early in his Complaint that CMIA terminated his employment on March 27, 2012, which makes it impossible for any retaliation to have occurred after that date. *See* Complaint ¶2 ("Plaintiff was continuously employed by Defendants . . . until Defendants terminated his employment on March 27, 2012").

6

revoked. *See* Answer ¶56. Effectively, Defendants gave him the balance of his time at the company as vacation, rather than expecting him to work. The only reason Plaintiff stopped getting paid is that he decided to resign early. *See* Answer ¶56, Ex. A.

Therefore, Defendants' decision to close the office had *no* adverse impact on him, and cannot rise to the level of an "adverse action" as a matter of law. *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67 (2006) (holding that a plaintiff "must show that a reasonable employee would have found the challenged action materially adverse, [which means that it] might have dissuaded a reasonable worker from making or supporting a charge of discrimination."); *Swain v. City of Vineland,* 457 Fed. Appx. 107 (3d Cir. N.J. 2012) (holding that the analysis focuses not on isolated incidents, but on a review of the "overall scenario" to determine if any materially adverse action occurred).

Plaintiff's retaliation claims cannot satisfy the threshold requirement of identifying an adverse action post-dating protected activity. *Id.* These claims cannot possibly succeed, and should be dismissed.

## CONCLUSION

All of Plaintiff's claims fail as a matter of law. His discrimination claims are untimely by more than one year. His retaliation claims fail as a matter of law to establish any adverse action. Rule 12 relief is therefore appropriate, and Defendants respectfully request that Plaintiff's Complaint be dismissed with prejudice.

7

Dated:  August 26, 2013

Respectfully Submitted,

KLEHR HARRISON HARVEY BRANZBURG LLP

By _____
      Paul G. Nofer (Pa. I.D. No. 52241)
1835 Market Street, Suite 1400
Philadelphia, Pennsylvania  19103
pnofer@klehr.com
(215) 569-3287 – Telephone
(215) 568-6603 – Facsimile

*and*

Edward B. Magarian
(*pro hac vice motion to be filed*)
DORSEY & WHITNEY LLP
50 South Sixth Street, Suite 1500
Minneapolis, Minnesota  55402
magarian.edward@dorsey.com
(612) 340-2600 – Telephone
(612) 340-2868 – Facsimile

Counsel for Defendants

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Defendants' Motion for Judgment on the Pleadings, and accompanying papers, was served upon the following on August 26, 2013:

*Via the Court's electronic filing system*

Marjory P. Albee
Console Law Offices LLC
1525 Locust Street, 9th Floor
Philadelphia, PA  19102

/s/ Paul G. Nofer
Paul G. Nofer